STEVENSON, J.
 

 Advantage General Insurance Company, Ltd. (“Advantage”), the plaintiff below, appeals the trial court’s final order dismissing with prejudice its complaint for “reinsurance” benefits against KILN, PLC, d/b/a Lloyd’s Underwriters, and QBE International Insurance, Ltd., collectively d/b/a Lloyd’s of London (“KILN & QBE”), pursuant to section 626.903, Florida Statutes (2007), prohibiting suits by unauthorized insurers. We reverse and remand because the instant lawsuit did not arise out of an unauthorized insurance transaction by Advantage.
 

 Advantage, a British Virgin Islands corporation, insured Air Sunshine, a Florida corporation, and consequently purchased reinsurance from KILN & QBE. Following a plane crash, Advantage settled two wrongful death claims for Air Sunshine, and later sought to recover from KILN & QBE. When KILN & QBE refused to pay, Advantage filed the instant suit. KILN & QBE moved to dismiss for failure to state a cause of action, explaining that, pursuant to section 626.908, Advantage, an unauthorized insurer, was barred from bringing suit in Florida. The trial court granted the motion. We conclude that the trial court erred in dismissing Advantage’s lawsuit.
 

 
 *1215
 
 Section 626.90B provides that “[a]s to transactions not permitted under s. 624.402, no unauthorized insurer shall institute, file, or maintain, or cause to be instituted, filed or maintained, any suit, action, or proceeding in this state to enforce any right, claim, or demand arising out of any insurance transaction in this state.” The self-proclaimed purpose of Part VIII of Chapter 626 is protecting Florida’s insureds.
 
 See
 
 § 626.905, Fla. Stat. (2007).
 

 If, as alleged by KILN & QBE, Advantage lacked a certificate of authorization when it sold insurance to Air Sunshine in Florida, then it could not have sought relief in Florida courts in an action against Air Sunshine.
 
 See
 
 § 626.903, Fla. Stat. (2007). However, when Advantage purchased reinsurance from KILN & QBE in Florida, Advantage was the
 
 insured.
 
 In making this purchase of reinsurance, Advantage was not “transacting insurance” within the meaning of the Florida Insurance Code, which defines “transacting insurance” as, among other things, “solicitation or inducement,” “preliminary negotiations,” and “effectuation of a contract of insurance.” § 624.10(1)-(3), Fla. Stat. (2007). Since Advantage filed suit as an insured, not an insurer, we conclude that section 626.903 does not bar Advantage’s claim against KILN & QBE.
 

 Additionally, we conclude that the suit between Advantage and KILN & QBE did not “arise out of’ Advantage’s alleged unauthorized sale of insurance to Air Sunshine. Since Advantage filed suit as an insured, not an insurer, Advantage’s suit arose out of its contract with KILN
 
 &
 
 QBE, not its contract with Air Sunshine. Furthermore, even in the context of arbitration, where terms are broadly interpreted to favor arbitration, Florida courts have concluded that not all suits between the contracting parties “arise out of’ that contract and are subject to the arbitration clause.
 
 See Seifert v. U.S. Home Corp.,
 
 750 So.2d 633, 638 (Fla.1999) (“[T]he mere fact that the dispute would not have arisen but for the existence of the contract and consequent relationship between the parties is insufficient by itself to transform a dispute into one ‘arising out of or relating to’ the agreement.”).
 
 [1]
 
 Because section 626.903 has the effect of barring access to the courts, we see no valid policy reason for engaging in a broad and expansive interpretation of its terms, especially where the statutory scheme itself does not suggest that we do so.
 

 Accordingly, we reverse the final order of dismissal and remand for further proceedings because even if Advantage was an unauthorized insurer of Air Sunshine, section 626.903 does not prohibit Advantage from suing KILN
 
 &
 
 QBE.
 

 Reversed and remanded.
 

 WARNER and DAMOORGIAN, JJ., concur.
 

 [1]
 

 . Traditionally, in the arbitration setting, courts have interpreted the phrase "arising out of” more narrowly than the phrase "relating to.” Where the term "arising out of” is used, “the scope of the arbitration clause is limited to those claims having some direct relation to the terms and provisions of the contract.”
 
 Seifert,
 
 750 So.2d at 636.